**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **CRYSTAL CHILDS**, <br><br> *Plaintiff,* <br><br> v. <br><br> **FITNESS INTERNATIONAL LLC d/b/a LA FITNESS,** <br><br> *Defendant.* | **Case No.  2:22-cv-05196-JDW** |

**MEMORANDUM**

Unfortunately, many women who try to improve their physical and mental fitness in the modern gym are subject to sexual harassment and assault. Plaintiff Crystal Childs says she is one of those women, and filed this lawsuit to hold her gym, Defendant Fitness International LLC ("LA Fitness"), responsible. LA Fitness moves to compel arbitration or, in the alternative, dismiss Ms. Childs's Amended Complaint for failure to state a claim. I now decide those motions.

I.     **BACKGROUND**

A.     **Factual History**

1.     **LA Fitness membership terms**

In 2009, Crystal Childs purchased a membership at the LA Fitness Gym in Bala Cynwyd, Pennsylvania. She signed a Membership Agreement that didn't contain an arbitration clause. There is no indication she ever signed an updated Membership

Agreement. In December 2021, she created an online account on LA Fitness's website so that she could use the gym's mobile app. The LA Fitness website contains a small link to its "Terms and Conditions," among a list of several other small links at the bottom of the web page. The Terms and Conditions contain an arbitration clause that requires members who use the website to arbitrate any claims they may have against LA Fitness or its employees unless the member opts out of the arbitration clause within thirty days of creating the online account. There is no indication that a user like Ms. Childs had to confirm that she read the Terms and Conditions when she created or used her online account or LA Fitness's mobile app. LA Fitness also doesn't claim to notify online account users of the Terms and Conditions.

### 2.    Janitor Ali

On January 24, 2019, Ms. Childs wrote an email to the gym's then-manager, Neil Townrow, that an employee at the facility was acting inappropriately and sexually harassing female patrons.[1] Ms. Childs told Mr. Townrow that the employee, who the Amended Complaint calls "Janitor Ali," had entered the women's locker room unannounced so that he could find women in various stages of undress, at least once used his body to block a naked woman from exiting the gym's sauna, called himself from Ms. Childs' cell phone under the pretext of making an emergency call to get her phone

---

[1] The Amended Complaint references an earlier conversation between Ms. Childs and Mr. Townrow, but it's unclear from the face of the Amended Complaint what was said during that conversation and whether she raised these specific issues.

number, and propositioned Ms. Childs both in the gym and in the gym's parking lot on several occasions. Subsequently, LA Fitness advised Ms. Childs that it fired Janitor Ali, and for a while that seemed to be the end of the saga.

Years later, on May 21, 2022, while working out at LA Fitness, Ms. Childs saw Janitor Ali enter the gym. Janitor Ali walked past Ms. Childs, stared at her, and entered the locker room. Shortly after that, Janitor Ali exited the locker room and had a conversation with an LA Fitness employee at the gym's front desk. Ms. Childs approached the employee and asked if the employee knew who Janitor Ali was. The employee responded that he had a membership and was "about to be hired as a Janitor." (ECF No. 5 at ¶ 22.) As a result, Ms. Childs spoke to the gym's then-manager, Marcus Newton, and forwarded him the email she'd sent to Mr. Townrow in 2019. Mr. Newton forwarded the email to other managers at LA Fitness.

On May 24, 2022, Mr. Newton told Ms. Childs that he banned Janitor Ali form the gym because two days earlier Janitor Ali acted aggressively toward the Front Desk Manager, Johnelle Adams. However, Janitor Ali entered the gym moments later and accosted Ms. Childs. When Ms. Childs told Janitor Ali she didn't know who he was, he grabbed her hand. He then walked into the locker room, and Ms. Childs alerted Ms. Adams to what occurred. Mr. Newton and another employee confronted Janitor Ali in the locker room, and someone at the gym called the police. By the time the police arrived, Janitor Ali had left via the gym's back door. Ms. Childs returned to the gym later that day and

saw Janitor Ali sitting across from the front desk, although it's not clear from the Amended

Complaint what he was doing there.

### B.     Procedural History

Ms. Childs filed a Complaint on December 28, 2022, that invoked this Court's

diversity jurisdiction and contained four claims against LA Fitness and Janitor Ali. I ordered

Ms. Childs to show cause why I have jurisdiction in this case, because she hadn't pled

Janitor Ali's citizenship and it appeared he may be a citizen of Pennsylvania. Ms. Childs

filed an Amended Complaint on January 4, 2023, which removes Janitor Ali as a defendant

and adds two additional claims against LA Fitness. After a pre-motion conference, I

allowed the parties to take limited discovery regarding the possibility that Ms. Childs is

subject to an arbitration agreement. Upon the close of the limited discovery period, LA

Fitness filed alternative Motions to Compel Arbitration and To Dismiss For Failure To State

A Claim. Both are ripe for review.

## II.     MOTION TO COMPEL ARBITRATION

The summary judgment standard applies to a motion to compel arbitration where

"the complaint and its supporting documents are unclear regarding the agreement to

arbitrate, or if the plaintiff has responded to a motion to compel arbitration with

additional facts sufficient to place the agreement to arbitrate in issue." *Guidotti v. Legal*

*Helpers Debt Resolution, L.L.C.*, 716 F.3d 764, 774 (3d Cir. 2013). A court will compel

arbitration when there is "no genuine issue of fact concerning the formation of the

agreement" to arbitrate. *Kirleis v. Dickie, McCamey & Chilcote, P. C.*, 560 F.3d 156, 159 (3d Cir. 2009). "To determine whether a valid arbitration agreement exists, [courts] apply ordinary state-law principles that govern the formation of contracts." *James v. Global TelLink Corp.*, 852 F.3d 262, 265 (3d Cir. 2017) (quotations omitted). "[U]nder Pennsylvania law, explicit agreement is essential to the formation of an enforceable arbitration contract." *Kirleis*, 560 F.3d at 163. Silence does not ordinarily manifest assent, but the relationships between the parties or other circumstances may justify the offeror's expecting a reply and, therefore, assuming that silence indicates assent to a proposal." *James*, 852 F.3d at 266.[2]

There are two basic types of internet agreements: "clickwrap" and "browsewrap." *See Nicosia v. Amazon.com, Inc.*, 834 F.3d 220, 233 (2d Cir. 2016). Clickwrap agreements require a user to assent to a website's terms and conditions by clicking a box or button. Browsewrap agreements purport to bind users to its terms and conditions through the continued use of the website itself. *See James,* 852 F.3d at 267. The website often posts terms and conditions via a hyperlink at the bottom of the webpage. *See id.* The enforceability of broweswrap agreements "often turn[s] on whether the terms or a hyperlink to the terms are reasonably conspicuous on the webpage." *Id* (citations omitted)*.* "When terms are linked in obscure sections of a webpage that users are unlikely

---

[2] Although *James* applies New Jersey law, the laws of contract formation in New Jersey and Pennsylvania are similar on this point, and the logic of *James* is persuasive.

to see, courts have refused to find constructive notice." *Id.* In effect, when the structure of the website suggests that a user has not seen the Terms and Conditions, then a court will not assume that a user's failure to act in response to those terms and conditions is intentional.

The arbitration clause in LA Fitness's Terms and Conditions is unenforceable browsewrap. LA Fitness's own submission shows that the Terms and Conditions are accessible to users like Ms. Childs via one of many small hyperlinks at the bottom of the LA Fitness website. That is the only form of notice that LA Fitness provides users of the Terms and Conditions. LA Fitness doesn't contend that it directed Ms. Childs to the Terms and Conditions, warned Ms. Childs that creating an online account would subject her to the Terms and Conditions, or notified Ms. Childs that continued use of the LA Fitness website or app constitutes assent to the Terms and Conditions. Certainly, it didn't tell her that the Terms and Conditions contained an arbitration provision or that her use of the website would result in the waiver of a Constitutional right. Standing alone, using a website is not sufficient to form a contract under Pennsylvania law, and is exactly the type of browsewrap agreement courts across the country refuse to enforce. *See id.* Therefore, I won't compel arbitration.

## III.   MOTION TO DISMISS

A district court may dismiss a complaint for failure to state a claim upon which relief can be granted. *See* Fed. R. Civ. P. 12(b)(6). Rather than require detailed pleadings,

the "Rules demand only a short and plain statement of the claim showing that the pleader

is entitled to relief[.]" *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 786 (3d Cir. 2016)

(quotation omitted). "To survive a motion to dismiss, a complaint must contain sufficient

factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.*

(same). In determining whether a claim is plausible, the court must "draw on its judicial

experience and common sense." *Id.* at 786-87 (same). First, the court must identify the

elements needed to set forth a particular claim. *See id.* at 787. Second, the court should

identify conclusory allegations, such as legal conclusions, that are not entitled to the

presumption of truth. *See id.* Third, with respect to well-pleaded factual allegations, the

court should accept those allegations as true and "determine whether they plausibly give

rise to an entitlement to relief." *Id.* (quotation omitted). The court must "construe those

truths in the light most favorable to the plaintiff, and then draw all reasonable inferences

from them." *Id.* at 790 (citation omitted).

### A.      Statute Of Limitations

LA Fitness's submissions are inconsistent about whether it wants me to dismiss

claims about events in 2019 or whether it wants me to strike those allegations altogether.

Its motion invokes Rule 12(b) and references dismissal, but its proposed Order would have

me strike those allegations from the Amended Complaint. I won't strike any allegations.

LA Fitness doesn't argue that events that occurred in 2022 are time-barred. The events

from 2019 have some relationship to what happened in 2022, so I can't say that the

allegations about 2019 are impertinent (or scandalous). *See* Fed. R. Civ. P. 12(f).

LA Fitness is right that Ms. Childs cannot hold it liable for events that happened in

2019 because a statute of limitation would bar each cause of action in the Amended

Complaint:

- Negligence: Two years (Pa. Const. Stat. Ann. § 5524(2));

- Invasion Of Privacy: One year (42 Pa. Const. Stat. Ann. § 5523(1));

- Assault And Battery: Two years (42 Pa. Const. Stat. Ann. § 5524(1));

- Premises Liability: Two years. 42 Pa. Const. Stat. Ann. § 5524(7); and

- Sexual Harassment (if such a claim exists as a matter of law[3]): Two years (42

   Pa. Const. Stat. Ann. § 5524(7));

But the operation of the statute of limitations doesn't give me a basis to dismiss anything.

Rule 12(b) permits me to dismiss a "claim." Fed. R. Civ. P. 12(b). The statute of limitations

does not bar any of these claims. It only bars parts of these claims. As a result, I won't

dismiss anything. The scope of potential liability under any such claim will be a subject for

another day.

---

[3] LA Fitness questions whether a cause of action for sexual harassment exists under Pennsylvania law. Ms. Childs doesn't identify one in her Response, and I am unaware of one as well. *Cf. Kovalev v. City of Phila.*, No. 2:16-cv-6380, 2017 WL 770945 at *12 (E.D. Pa. Feb. 28, 2017) (noting that Pennsylvania courts have repeatedly rejected a common law cause of action for harassment).

**B.      Respondeat Superior**

Three of Ms. Childs's five claims seek to hold LA Fitness liable for Janitor Ali's conduct, which requires a finding of *respondeat superior* liability. But LA Fitness fired Janitor Ali in 2019 and, based on the pleadings, it's not plausible that Janitor Ali was employed by LA Fitness in 2022. Therefore, LA Fitness can't be liable for Janitor Ali's conduct in 2022 as a matter of law, so I'll dismiss Ms. Childs's Assault And Battery, Invasion Of Privacy, and Sexual Harassment claims.

Ms. Childs is wrong that I must consider it a fact that LA Fitness employed Janitor Ali in 2022. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). Courts assess plausibility by analyzing the complaint in its entirety, and by determining whether the "complaint as a whole contains sufficient factual matter to state a facially plausible claim." *Kedra v. Shroeter*, 876 F.3d 424, 441 (3d Cir 2017). "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. . . Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancements." *Iqbal*, 556 U.S. at 678. Allegations that amount to "no more than conclusions[] are not entitled to any assumption of truth." *Arugeta v. U.S. Immigr. and Customs Enf't*, 643 F.3d 60, 74 (3d Cir. 2011).

Read as a whole, the Amended Complaint demonstrates that Janitor Ali did not work for LA Fitness in 2022. LA Fitness told Ms. Childs that it terminated Janitor Ali in 2019. Then, Ms. Childs didn't see Janitor Ali at LA Fitness between 2019 and 2022, when he reappeared. When she asked an LA Fitness employee about him in 2022, the employee responded that he was a gym member that LA Fitness was going to hire as a Janitor, which suggests he was not employed at LA Fitness at that time. After Ms. Childs relayed her 2019 email to Mr. Newton, he told her that management banned Janitor Ali from the gym. When she subsequently saw Janitor Ali at LA Fitness, management confronted him in the locker room, and Ms. Childs saw him flee the facility. Even when considered in the light most favorable to Ms. Childs, it's not plausible that Janitor Ali was employed at LA Fitness in 2022.

The only allegation to the contrary in the Amended Complaint is Ms. Childs's assertion that after LA Fitness told her that it filed Janitor Ali, "this information was later determined to be false." (ECF No. 5 at ¶ 20.) That allegation is conclusory, at best. There are no facts supporting it.  Nothing to suggest that LA Fitness's statement as false. And nothing even to indicate who made the determination of falsity or how. I don't have to believe the unbelievable based on a conclusory statement in the Amended Complaint. *Arugeta*, 643 F.3d at 74. I will therefore dismiss the claims that require *respondeat superior* liability.

### C.      Premises Liability

Pennsylvania courts apply the Restatement (Second) Of Torts to determine the duties owed by a possessor of land. *See Carrender v. Fitterer*, 469 A.2d 120, 123 (Pa. 1983). "The standard of care . . . depends upon whether the person entering is a trespasser, licensee, or invitee." *Id.*  Moreover, "[a] possessor of land who holds it open to the public for entry for his business purposes is subject to liability to members of the public while they are upon the land for such a purpose, for physical harm caused by the accidental, negligent, or intentionally harmful acts of third persons or animals, and by the failure of the possessor to exercise reasonable care to (a) discover that such acts are being done or are likely to be done, or (b) give a warning adequate to enable the visitors to avoid the harm, or otherwise protect them against it." Restatement (Second) Of Torts § 344.

The Amended Complaint states a claim for premises liability under Section 344 of the Restatement. LA Fitness possesses land which it holds open to the public as a fitness facility. *See* Restatement (Second) Of Torts §344 cmnt. a (explaining "premises open to public for business purposes"). Ms. Childs entered that facility to use her gym membership and alleges harm that occurred at the hands of a third person. The Amended Complaint states a claim that LA Fitness did not exercise the reasonable care required to either discover, warn, or protect her from that harm. Therefore, I won't dismiss this claim.

**D.      Punitive Damages, Attorneys Fees, and Costs**

Federal Rule Of Civil Procedure 12(b)(6) applies to claims, not remedies. Punitive

damages are available for negligence claims. Therefore, they are available in this case, and

I won't dismiss them at this stage. Similarly, litigation costs are not claims and, if Ms. Childs

prevails, she will be entitled to seek costs. So, I won't strike her requests for costs either.

LA Fitness also asks me to dismiss Ms. Childs's request for attorney's fees because

there's no applicable law that provides for fee shifting. There's two problems with LA

Fitness's request. I can't find any mention of attorney's fees in the Amended Complaint.

(Maybe the reference to "expenses of litigation" encompasses attorneys' fees. (ECF No. 5

at ¶ 68.)) In any event, a stray comment in a prayer for relief is not a "claim" to which Rule

12(b)(6) applies. I can address the availability (or lack thereof) of attorneys' fees if and

when Ms. Childs files a fee petition (for which she would have to have a good faith basis).

I don't need to resolve that now.

**IV.      CONCLUSION**

The allegations in Ms. Childs's Amended Complaint are serious, but LA Fitness can't

be held liable for intentional torts it didn't commit. However, Ms. Childs can pursue her

negligence and premises liability claims. An appropriate order follows.

**BY THE COURT:**

*/s/ Joshua D. Wolson*
May 22, 2023                                          JOSHUA D. WOLSON, J.